UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG NGUYEN, | ) 1:11-cv–00086-SKO-HC |
| | ) |
| Petitioner, | ) ORDER TO RESPONDENT TO SHOW CAUSE |
| | ) WITHIN FORTY-FIVE (45) DAYS WHY |
| | ) THE PETITION SHOULD NOT BE |
| v. | ) GRANTED (Doc. 1) |
| | ) |
| ERIC H. HOLDER, et al., | ) ORDER PERMITTING PETITIONER TO |
| | ) FILE A TRAVERSE NO LATER THAN TEN |
| Respondents. | ) (10) DAYS AFTER SERVICE OF THE |
| | ) RETURN |
| | ) |
| | ORDER DIRECTING THE CLERK TO |
| | SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In the petition filed on January 19, 2011, Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and punitive in nature, thus violating Petitioner's substantive and procedural due process rights under the Due

1

Process Clause of the Fifth Amendment of the United States Constitution.  Petitioner also asserts that his detention is in violation of Respondent's statutory authority.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent will be ordered to show cause why the petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules); see Habeas Rules 1(b), 11; Fed. R. Civ. P. 81(a)(2). Respondent shall INCLUDE in the return a copy of the relevant portions of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition.  Habeas Rule 5.

In the event the Petitioner is released from ICE custody during the pendency of this petition, the parties shall NOTIFY the Court by filing a motion to dismiss the petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Respondent is ORDERED to show cause why the petition should not be granted.  The return to the order to show cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a traverse to the return within TEN (10) days of the date the return to the order to show cause is served on Petitioner.

2. The Clerk of the Court is DIRECTED to serve a copy of

        the petition for writ of habeas corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(l). As such, the matter will be taken under submission following the filing of Petitioner's traverse or the expiration of the time for filing the traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

**Dated:   February 23, 2011**　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE