UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DUNG NGUYEN, | ) | 1:11-cv—00086-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS THE PETITION AS |
| | ) | MOOT (DOCS. 10, 1) |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION AND |
| ERIC H. HOLDER, et al., | ) | DIRECTING THE CLERK TO CLOSE THE |
| | ) | CASE |
| Respondents. | ) | |
| | ) | |

At the time the petition was filed, Petitioner alleged that he was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and was proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on January 26, 2011, and on behalf of Respondent on January 28, 2011. Pending before the Court is Respondent's motion to dismiss

1

the petition for lack of jurisdiction, filed on April 8, 2011. The twenty-one-day period for filing opposition pursuant to Local Rule 230(l) has passed, but Petitioner has not filed any opposition to the motion to dismiss.

I.  Background

Petitioner alleged that he is a native of Viet Nam who was ordered deported to Viet Nam and who had been unlawfully and indefinitely detained at the Kern County Jail, Lerdo Bakersfield Facility, after having been ordered removed from the United States on October 14, 2008, and having been in custody since August 6, 2010.  (Pet. 2-3.)  Petitioner alleged that he was neither awaiting trial nor serving a sentence on any state or federal criminal case.  (Pet. 3.)  He argued that pursuant to Zadvydas v. Davis, 533 U.S. 678, 690, 699-700 (2001), he was entitled to relief because there was no significant likelihood that removal would occur in the reasonably foreseeable future. (Pet. 3.)  Petitioner contended that his continued, indefinite detention under 8 U.S.C. § 1231(a)(6) exceeded Respondent's statutory authority to detain him and violated the Due Process Clause of the Fifth Amendment.  (Pet. 4.)  Petitioner sought release from custody under reasonable conditions of supervision. (Pet. 5.)

Respondent submitted in connection with the motion to dismiss an order of supervision dated April 6, 2011, and signed by Erik S. Bonnar, Deputy Field Officer Director of ICE in Bakersfield, California.  The order reflects that after Petitioner was ordered removed on August 14, 2008, ICE failed to effect Petitioner's deportation or removal.  Petitioner was

ordered released under supervision on April 6, 2011, under conditions stated in the order of supervision. (Doc. 10-1.)

Further, the Court notes that the docket reflects that the motion to dismiss was served on Petitioner at an address in San Jose, the city where Petitioner was ordered to report to federal probation authorities within forty-eight (48) hours of release. (Doc. 10-1.)

## II. Proceeding by a Motion to Dismiss

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States or custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1) and (3).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto. 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) is applicable to proceedings brought pursuant to § 2241. Habeas Rule 1(b). Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition. Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments. This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden

3

that would be placed on a respondent by ordering an unnecessary answer. Advisory Committee Notes, 1976 Adoption. Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody. Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978). However, in light of the broad language of Rule 4, it has been held in this circuit that motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to exhaust state remedies, O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990) (a motion to dismiss for failure to raise any issue of federal law, which was based on the insufficiency of the facts as alleged in the petition to justify relief as a matter of law, was evaluated under Rule 4); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (procedural default in state court); Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982) (a motion to dismiss for failure to exhaust state remedies is appropriately considered after receipt of evidence pursuant to Rule 7(a) to clarify whether or not the possible defect, not apparent on the face of the petition, might preclude a hearing on the merits, and after the trial court has determined that summary dismissal is inappropriate).

Here, Respondent's motion to dismiss is based on mootness. Respondent's motion is similar in procedural posture to a motion to dismiss for failure to exhaust state remedies or for state procedural default. Further, the motion is unopposed; in the context of the facts alleged in the petition and reflected in Respondent's moving papers, the motion does not raise material factual disputes. Finally, Respondent has not yet filed a formal answer.

The Court therefore exercises its discretion to review Respondent's motion pursuant to its authority under Habeas Rule 4.

III. Analysis

Title 28 U.S.C. § 2241 confers habeas corpus jurisdiction upon the Court to hear this case. Zadvydas v. Davis, 533 U.S. 678, 687-88.

However, where a Court is without power to grant the relief requested, then the case is moot. Picrin-Peron v. Rison, 930 F.2d 774, 775 (9th Cir. 1991) (petition for habeas corpus seeking release form allegedly unlawful, indefinite detention was moot where the government paroled the petitioner). Where a petitioner who seeks release has been released under circumstances where there is no reasonable likelihood that the alleged wrong will recur, the petition is moot and will be dismissed. Picrin-Peron v. Rison, 930 F.2d 773, 776.

The release sought by Petitioner was release from the custody of the ICE under reasonable conditions of supervision. (Pet. 5.) Respondent has demonstrated that Petitioner has been

5

released from ICE custody under reasonable conditions.[1]

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. <u>Iron Arrow Honor Society v. Heckler</u>, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. <u>Id.</u> A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003).

A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. <u>See</u>, <u>Cole v. Oroville Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998).

The Court concludes that the petition is moot and must be dismissed.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

---

[1] Petitioner was ordered to provide cooperation and information, appear upon ICE's request for identification, deportation or removal, and medical examination, and to report periodically at ICE and federal probation offices. (Doc. 10-1.)

6

1) Respondent's motion to dismiss the petition as moot is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED as moot; and

3) The Clerk is DIRECTED to close the action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   May 31, 2011**                                         **/s/ Sheila K. Oberto**
                                                                                  UNITED STATES MAGISTRATE JUDGE